UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMES MCMAUGH,                                                    11-0269-TC

Plaintiff,

v.                          FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner Social
Security Administration,

Defendant.

COFFIN, Magistrate Judge:

Plaintiff seeks review of the Social Security Commissioner's final decision denying his

application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For

the following reasons, I recommend that this court reverse and remand the Commissioner's decision

for further proceedings consistent with the findings below.

### Background

Born in 1958, plaintiff was 47 years old on the date of his alleged disability onset, and 49

years old when the ALJ found him disabled as of June 1, 2008. He last worked full-time in April

Page 1 - FINDINGS AND RECOMMENDATION

2006 as a gold mine tour guide, but stopped working due to physical impairments. Plaintiff subsequently tried to work as a line cook, but could not due to his physical limitations. Plaintiff has had multiple injuries due to motorcycle accidents, bar fights, falls and work and sports related accidents. As the parties are familiar with plaintiff's medical history, I do not discuss plaintiff's injuries in detail except where they are relevant to this appeal.

On August 4, 2006, plaintiff filed an application for a period of disability, DIB and SSI, alleging disability onset of December 9, 2005. His claims were denied initially and upon reconsideration. At plaintiff's request, a hearing was held on June 12, 2009 before an Administrative Law Judge (ALJ). Plaintiff appeared and testified at the hearing. The ALJ issued a decision on July 31, 2009 finding plaintiff was not disabled prior to June 1, 2008 but became disabled on this date. Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied. Plaintiff then filed this appeal.

## Disability Analysis

The Commissioner engages in a sequential process of between one and five steps in determining whether an individual is disabled under the Act. Bowen v. Yukert, 482 U.S. 137, 140 (1987). Anderson challenges the ALJ's evaluation of the evidence and her conclusions at steps two through five.

Step one requires the ALJ to determine if the claimant is performing any gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has a "severe medically determinable physical and mental impairment" that meets the twelve month duration requirement. Id. at § 404.1520(a)(4)(ii). If the claimant does not have such an impairment, he is not disabled. At step three, the ALJ determines whether the severe impairment

Page 2 - FINDINGS AND RECOMMENDATION

(or a combination of impairments) meets or equals a "listed" impairment in the regulations. Id. at 404.1520(a)(4)(iii). If the ALJ determines the impairment (or combination of impairments) equals a listed impairment, then the claimant is disabled. If the adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's RFC. The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular basis, despite the limitations imposed by his impairments. Id. 404.1520(a)(4)(e). The ALJ uses this information to determine if the claimant can perform past relevant work at step four. Id. 404.1520(a)(4)(iv). If the claimant cannot perform his past relevant work, the ALJ must determine if the claimant can perform other work in the national economy at step five. Id. 404.1520(a)(4)(v); Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant bears the initial burden of establishing disability. Tackett, 180 F.3d at 1098. If the analysis reaches the fifth step, the burden shifts to the Commissioner to show jobs within claimant's RFC exist in the national economy. Id. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g).

### The ALJ's Findings

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 9, 2005. At step two, the ALJ determined that plaintiff suffers from several severe impairments: (1) degenerative disc disease of the cervical and lumbar spine; (2) right shoulder impairment; (3) history of right wrist fracture; (4) diffuse meniscus tear. At step three, the ALJ found that plaintiff's impairments did not meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App 1 (commonly called "the listings). The ALJ determined that plaintiff had the RFC to perform the full range of sedentary work. At step four, the ALJ concluded that plaintiff

Page 3 - FINDINGS AND RECOMMENDATION

could not perform his past relevant work, and at step five found plaintiff was not disabled based on the Medical-Vocational Rule 201.21 of the Medical-Vocational Guidelines. Finally, the ALJ concluded that plaintiff was not disabled before June 1, 2008 but became disabled on that date. (#11-3 at p. 24-29).[1]

## Standard

The court's review on appeal is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper

---

[1]As the record is electronically filed, citation is to the document number and the CM-ECF pagination.

legal standard was applied in weighing the evidence. <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Analysis

Plaintiff contends that the ALJ erred in his consideration of physical therapist LuVonne Votaw's opinion, did not properly determine plaintiff's RFC and misapplied the Medical-Vocational Guidelines in finding him not disabled.

## I.   ALJ's Consideration of LuVonne Votaw's 2007 Physical Capacity Assessment

Plaintiff argues that the ALJ erred because he gave no reason for partially rejecting physical therapist LuVonne Votaw's 2007 physical capacity assessment. The Code of Federal Regulations (CFR) recognizes a difference between opinions from acceptable medical sources and those from other sources. 20 C.F.R. § 416.913(a). An opinion from a physical therapist is considered an "other source" opinion, which the ALJ may reject if he or she "furnishes reasons germane to the particular witness." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993). Thus, Ms. Votaw's opinion may be rejected for germane reasons. Plaintiff notes that, despite giving Ms. Votaw's opinion significant weight, the ALJ did not accept all of the limitations she set forth. Plaintiff argues that the ALJ erred because he did not give any reason–germane or not, to partially reject Ms. Votaw's opinion.

In her 2007 assessment, Ms. Votaw opined that plaintiff had postural and reaching and manipulative limitations. (#11-9 at 361-64). Ms. Votaw stated that plaintiff's dexterity was "within functional limits" but his "right wrist pain and limited motion minimally limit function" when doing certain types of repetitive handwork. (<u>Id.</u> at 362). Ms. Votaw specifically noted that the assessment indicated "a current work capacity characterized by the Sedentary Light Physical Demand Level." (<u>Id.</u> at 363). She opined that plaintiff could tolerate grasping and handwork, but not for prolonged

Page 5 - FINDINGS AND RECOMMENDATION

periods and that he should avoid "heavy lifting, repetitive wrist and hand motions and prolong[ed]

fine motor work." (Id. at 364).

The ALJ found that plaintiff has the RFC to perform a full range of sedentary work. He

discussed his reliance on Ms. Votaw's assessment in determining the RFC, stating:

> During a physical capacity assessment performed in September of 2007, the claimant
> reliably demonstrated an exertional capacity for sedentary to light work.

> [Ms. Votaw found] that claimant can lift up to 15 pounds occasionally, lift up to 8
> pounds to should height, and should not carry more than 5 pounds with the right
> hand. She further found that the claimant tolerated sitting and standing well and
> should be able to tolerate these postures for up to 1 hour at a time on a frequent basis.
> She sound that walking, stair climbing, bending, and partial squats would be tolerated
> well, though the claimant's performance would vary depending on how his knees
> were feeling. During the evaluation, the claimant demonstrated grasping with neutral
> wrists on a frequent basis and dexterity within normal limits. Ms. Votaw thus found
> that grasping and handwork would be tolerated, but not for prolonged periods. MS.
> [sic] Votaw's assessment was based on extensive, real-time observation of the
> claimant's exertional capacity, and her findings and opinions are consistent with the
> medical record as a whole. The undersigned thus gives the findings and opinions of
> LuVonne Votaw significant weight.

(#11-3 at 26-27). The ALJ did not mention Ms. Votaw's opinion that plaintiff should avoid

"repetitive wrist and hand motions and prolong[ed] fine motor work." The ALJ did not explain why

he determined that plaintiff had the RFC to perform a full range of sedentary work when Ms. Votaw

opined that plaintiff was limited to sedentary to light work. He did not explain why he did not credit

her opinion regarding plaintiff's wrist, hand and fine motor limitations. Further, the ALJ only

partially credited additional medical and other source opinions (those of examining physician John

French M.D. and treating naturopath Jason Black N.D.) because, among other reasons, those

opinions were inconsistent with Ms. Votaw's 2007 assessment. (#11-3 at 27-28).

The Commissioner argues that the ALJ's failure to expressly address the postural and

manipulative limitations Ms. Votaw assessed is of little consequence as an ALJ is not required to recite magic words to do so. Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989). The Commissioner argues that the ALJ's implicit reasons for rejecting Ms. Votaw's limitations–citation to the medical findings of no wrist instability and good fine and gross motor skills and full range of motion, no effusion or joint line tenderness, no ligamentious instability, and negative McMurray's, are sufficient for this reviewing court to "draw specific and legitimate inferences from the ALJ's opinion. Magallanes, 881 F.2d at 755. The Commissioner's argument fails. To infer that the ALJ rejected Ms. Votaw's assessed limitations based on Dr. French's findings of no wrist instability expressly contradicts the ALJ's own statement that he was giving Dr. French's opinion "some, but not great weight" because it was "somewhat inconsistent with the physical capacity exam performed in 2007." Here, there is no inference to be drawn regarding why the ALJ rejected some of Ms. Votaw's assessed limitations. Accordingly, I find that the ALJ erred in rejecting Ms. Votaw's assessed limitations.

I further find that the error was not harmless. As plaintiff points out, if the ALJ had credited Ms. Votaw's assessed postural and manipulative limitations, the ALJ would have had to obtain vocational testimony to determine if plaintiff could perform work that existed in significant numbers in the local and national economy. See e.g., Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir 2007) (the Medical-Vocational Guidelines are inapplicable when a claimants's non-exertional limitations (which are mental, sensory, postural, manipulative or environmental) are sufficiently severe as to limit the range of work a claimant can perform).

## II.    Determination of Plaintiff's RFC

Plaintiff next argues that the ALJ's finding that he can perform a full range of sedentary work

Page 7 - FINDINGS AND RECOMMENDATION

with no postural or manipulative limitations is not supported by substantial evidence. I agree.

I find that the ALJ's analysis reversed the manner in which he must consider credibility. Once a claimant has shown an underlying impairment, an ALJ may not reject the symptom testimony without specific findings showing clear and convincing evidence for doing so. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1986). The ALJ may not reject symptom testimony because the medical record does not corroborate the severity of the claimant's reported symptoms. Id. The ALJ must consider a claimant's credibility in the course of assessing a residual functional capacity. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p at *7 (available at 1996 WL 374184). Here, the ALJ found:

> the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible prior to June 1, 2008, to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.

(#11-3 at 26). No authority suggests that an ALJ may reason that a claimant is not credible based on the claimant's RFC. The ALJ's finding that plaintiff is only partially credible based on his RFC disregards the role of credibility analysis in determining an RFC and therefore should not be sustained.

Next, I agree with plaintiff that the RFC determination is not based on substantial evidence because the ALJ failed to give specific and legitimate reasons for rejecting the postural and manipulative limitations assessed by examining physician Dr. French and state agency medical consultant Martin Kehlri M.D. Dr. French noted that plaintiff's limited range of motion limited his ability to do activities. Dr. Kehlri should be limited in his use of upper extremities to push/pull and could perform no overhead tasks. The ALJ rejected both of these opinions as being partially consistent with the record, but inconsistent with Ms. Votaw's assessment. Dr. French and Dr.

Page 8 - FINDINGS AND RECOMMENDATION

Kehlri's assessed limitations, however, were consistent with Ms. Votaw's assessment. Accordingly, I find that the ALJ erred in his consideration of these opinions and that this error is not harmless as because had the ALJ considered these limitations, he would not have been able to rely on the Medical-Vocational Guidelines at step 5.

### Conclusion

Based on my above findings, I recommend that the court reverse the Commissioner's decision and remand this matter for further proceedings consistent with this opinion. Specifically, the ALJ shall re-evaluate plaintiff's credibility in a manner consistent with 9th Circuit case law and 20 C.F.R. § 404.1545(a)(3); SSR 96-8p and shall re-evaluate the limitations assessed by Ms. Votaw, Dr. Frank and Dr. Kehlri and the relevant medical evidence.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 30ᵗʰ day of December 2011.

THOMAS M. COFFIN
United States Magistrate Judge

Page 9 - FINDINGS AND RECOMMENDATION